UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DANIEL BERTRAM ACOSTA,

    Plaintiff,

    v.

AMERILAND TRANSPORT, INC., *et al.*,

    Defendants.

Case No. 24-1217-DDC-BGS

**MEMORANDUM & ORDER DENYING PLAINTIFF'S MOTION**

NOW BEFORE THE COURT is the "Motion to Denied Counsils Motion for Dismiss" [sic] filed by the *pro se* Plaintiff in the above-captioned case.[1] (Doc. 9.) For the reasons stated below, Plaintiff's motion is **DENIED**.

Plaintiff succinctly argues that Defendants "[h]ave lost the right to obtain counsel" because they filed to file a motion for entry of appearance within 14 days of some unspecified event. (*Id.*) Plaintiff therefore contends that current counsel for Defendants "must withdraw" its representation. Attached to the motion, Plaintiff includes a document from the United States Court of Appeals for the Federal Circuit, which states that

> [w]ithin 14 days after a new case is docketed, counsel must file an Entry of Appearance. For counsel retained after the case is docketed, counsel must file an Entry of Appearance within 14 days after being retained or admitted to the Federal Circuit's bar. *See* Fed. Cir. R. 47.3(b)(1).

(*Id.*, at 2.) As an initial matter, the Court notes that this case is pending in the United States District Court for the District of Kansas, not the United States Court of Appeals for the Federal Circuit. As such, this rule is inapplicable to this Court.

---

[1] The time for Plaintiff to file a reply in support of his motion has not expired. The Court finds, however, that a reply would not be helpful to its determination of the issues presented.

As Defendants correctly point out, D. Kan. Local Rule 5.1 governs an attorney's entry of appearance in United States District Court for the District of Kansas. (Doc. 13, at 2.) The rule does not include a 14 day deadline for an attorney to enter an appearance, nor does it state that the failure to do so constitutes a waiver of right to counsel. Rather, Rule 5.1(c) provides that:

> (c) Entry of Appearance by Attorneys. An attorney enters his or her appearance by:
>
> (1) signing and filing a formal entry of appearance; or
>
> (2) **signing the initial pleading, motion, or notice of removal filed in the case**. Entries of appearance must comply with subsection (b) of this rule.

D. Kan. Rule 5.1(c) (emphasis added).

Defense counsel "entered their appearance by signing the Motion to Dismiss and related pleadings which were not due under the federal rules until twenty-one (21) days after service of the summons." (Doc. 13, at 2 (citing Fed. R. Civ. P. 12(a)(1)(A).) Defendants assert that Plaintiff's argument "must be rejected" because it "is not supported by, and is in fact inconsistent with the applicable rules of civil procedure." The Court agrees. Plaintiff's motion is, therefore, **DENIED**.

IT IS SO ORDERED.

Dated January 7, 2025, at Wichita, Kansas.

/s/ Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge